IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02727-BNB

FRANKIE L. MCCONNELL,

    Applicant,

v.

LAURIE TOFOYA,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Frankie L. McConnell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. She initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    The Court reviewed the documents and determined they were deficient. Therefore, on October 22, 2012, Magistrate Judge Boyd N. Boland directed Ms. McConnell to cure certain enumerated deficiencies in the case within thirty days if she wished to pursue her claims.

    The October 22 order pointed out that Ms. McConnell either must pay the $5.00 filing fee or submit on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a certificate of the warden showing the current balance in her prison account. Rule

3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) requires such a motion and certificate. Rule 1(b) of the Section 2254 Rules applies the rules to habeas corpus actions pursuant to § 2241.

The October 22 order noted that the names listed in the caption of the § 1915 motion and affidavit must match the names listed in the caption to and text of the habeas corpus application. The October 22 order also directed Ms. McConnell to submit an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that named the proper Respondent. The October 22 order warned Ms. McConnell that the action would be dismissed without prejudice and without further notice if she failed to cure the designated deficiencies within thirty days.

On November 16, 2012, Ms. McConnell submitted an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 6). However, she failed within the time allowed either to pay the $5.00 filing fee or submit an inmate account statement certified by the warden or an appropriate officer at the facility where she is incarcerated, as required by Rule 3 of the Section 2254 Rules. Therefore, the amended application will be denied and the action dismissed without prejudice for Ms. McConnell's failure to cure all the designated deficiencies as directed in the October 22 order within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. McConnell files a notice of appeal she also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application pursuant to 28 U.S.C. § 2241 (ECF No. 5) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Frankie L. McConnell, within the time allowed, to cure all the deficiencies designated in the order to cure of October 22, 2012. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of      November      , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court